**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SAMIR MELKI, M.D., Ph.D., BOSTON LASER EYE INSTITUTE, P.C., GEORGE FRANGIEH, M.D. and EYE CARE SPECIALISTS, P.C., <br><br> Plaintiffs, <br><br> v. <br><br> BOSTON LASER EYE CARE MANAGEMENT, LLC; BOSTON LASER HOLDINGS, LLC; GLOBAL GROWTH, LLC f/k/a ELI GLOBAL, LLC; and GREG LINDBERG, <br> Defendants. | **COMPLAINT** <br><br> Civil Action No. 20-cv- |

**COMPLAINT**

Plaintiffs, Samir Melki, M.D., PhD, ("Dr. Melki"), Boston Laser Eye Institute, P.C. ("BLEI"), George Frangieh, M.D. ("Dr. Frangieh"), and Eye Care Specialists, P.C. ("ECS") bring this action against Boston Laser Eye Care Management, LLC, Global Growth, LLC, f/k/a Eli Global, LLC ("Eli Global"), Boston Laser Holdings, LLC ("BL Holdings" and collectively with Eli Global the "Buyers' Affiliates"), and Greg Lindberg ("Lindberg" or "Guarantor"), as follows:

**NATURE OF THE ACTION**

1.  This is an action for breach of contract arising out of Defendants' breach of an Asset Purchase Agreement (the "APA"), pursuant to which Eli Global executed promissory notes -- one in favor of BLEI for Two Million Three Hundred Thousand Dollars ($2,300,000)

(the "BLEI Note") and one in favor of ECS for Seven-Hundred Seventy Eight Thousand Dollars $778,000 (the "ECS Note") (and, collectively, the "Notes") -- as part of the overall consideration for sale of substantially all of the assets of BLEI and ECS. The Notes were personally guaranteed by Lindberg pursuant to a guaranty agreement signed in conjunction with each Note (for each a "Guaranty" and, collectively, the "Guaranties"). Defendants have breached their obligations under the APA, the Notes and the Guaranties by failing to make payment on the Notes and under the Guaranties. Plaintiffs bring this action to recover damages for Defendants' breach.

## PARTIES

2. Plaintiff Dr. Melki is a citizen of the United States and the Commonwealth of Massachusetts who resides in Brookline, Massachusetts 02445.

3. Plaintiff Boston Laser Eye Institute, P.C. is a Massachusetts professional corporation with a corporate address and principal place of business located at 1101 Beacon Street #6W, Brookline, Massachusetts 02446.

4. Plaintiff Dr. Frangieh is a citizen of the United States and the Commonwealth of Massachusetts who resides in Westwood, Massachusetts 02090.

5. Plaintiff Eye Care Specialists, P.C. is a Massachusetts professional corporation with a corporate address and principal place of business located at 825 Washington Street, Suite 230, Norwood, Massachusetts 02062.

6. Defendant Boston Laser Eye Care Management, LLC is a North Carolina limited liability company with a principal place of business located at 2222 Sedwick Road, Durham, NC 27713. Upon information and belief, none of its members is a citizen of Massachusetts.

7.      Defendant Global Growth, LLC, formerly known as Eli Global, LLC, is a Delaware limited liability company engaged in the financial services industries with a corporate address located at 251 Little Falls Drive, Wilmington DE 19808, and a main administrative office or principal place of business located at 2222 Sedwick Road, Durham, NC 27713.  Upon information and belief, none of its members is a citizen of Massachusetts.

8.      Defendant Boston Laser Holdings, LLC is a North Carolina limited liability company with a corporate address located at 2626 Glenwood Avenue, Suite 550, Raleigh NC 27608, and a main administrative office or principal place of business located at 2222 Sedwick Road, Durham, NC 27713.  Upon information and belief, none of its members is a citizen of Massachusetts.

9.      Defendant Greg Lindberg is the founder of Eli Global and a member of BL Holdings. Mr. Lindberg is a citizen of the United States who, upon information and belief, resides at a federal correctional facility while he appeals a conviction in <u>United States v. Lindberg</u>, No. 5:19-cr-00022-MOC-DSC, 2020 WL 4518881 (W.D.N.C. Aug. 19, 2020).

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

12.      Dr. Melki and Dr. Frangieh are accomplished and well-respected eye surgeons who practice in and around Boston, Massachusetts.

13. Dr. Melki founded BLEI, an ophthalmology practice with locations in Brookline, Lawrence, Medford, and Wellesley, Massachusetts. Prior to signing the APA, Dr. Melki was the sole owner of BLEI.

14. Dr. Frangieh founded ECS, an ophthalmology practice with locations in Norwood, Norfolk and West Roxbury, Massachusetts. Prior to entering into the APA, Dr. Frangieh was the sole owner of ECS.

**The Asset Purchase Agreement**

15. On April 4, 2018, Dr. Melki and Dr. Frangieh executed the APA on behalf of themselves, BLEI and ECS, pursuant to which they sold substantially all of the assets of BLEI and ECS, respectively, to and in exchange for certain consideration from Boston Eye Group, P.C. (the "P.C."); Boston Laser Eye Management, LLC (the "Administrator" and collectively with the P.C. the "Buyers"); and Buyers' Affiliates. A true and correct copy of the APA is attached hereto as Exhibit A.

16. As consideration for the purchase of Dr. Melki's practice, the Buyers and Buyers' Affiliates agreed to pay $11,500,000 in cash at closing, deliver the BLEI Note for $2,300,000 executed by Eli Global and personally guaranteed by Lindberg, and enter into certain equity equivalence agreements pursuant to which BLEI acquired equity in BL Holdings. See Ex. A at Sec. 2.1.

17. As consideration for the purchase of Dr. Frangieh's practice, the Buyers and Buyers' Affiliates agreed to pay to ECS $3,890,000 in cash at closing, deliver the ECS Note for $778,000 executed by Eli Global and personally guaranteed by Lindberg, and enter into certain equity equivalence agreements pursuant to which ECS acquired equity in BL Holdings. Id.

18. Plaintiffs' obligation to consummate the transaction was subject to the Buyers' and Buyers' Affiliates' material performance of all the covenants and conditions set forth in the APA prior to the Closing. See Ex. A at Sec. 2.5(c).

19. Plaintiffs agreed to enter into the APA in reliance on Buyers' and Buyers' Affiliates' agreement to pay the full consideration due under the APA, and would not have entered into the APA but for those contractual obligations to pay such consideration.

20. On May 21, 2018, pursuant to the APA, Eli Global executed the Notes and Lindberg executed Guaranties for each of the respective Notes. True and correct copies of the BLEI Note and Guaranty and the ECS Note and Guaranty are attached hereto as Exhibit B (BLEI) and Exhibit C (ECS), respectively.

21. Pursuant to the APA, as consideration for the purchase of the BLEI and ECS practices, Eli Global and Lindberg delivered the Notes and the Guaranties to Plaintiffs at Closing. See Ex. A at Sec. 2.5(c)(iii)(2).

22. BLEI is the current holder of the BLEI Note and of the debt described therein and maintains, directly or through an agent, physical possession of the BLEI Note.

23. ECS is the current holder of the ECS Note and of the debt described therein, and maintains, directly or through an agent, physical possession of the ECS Note.

**Eli Global Fails to Make Payment on the Notes**

24. Pursuant to the BLEI Note, Eli Global agreed to pay BLEI and its successors and assigns a total amount of $2,300,000 in three installments, as follows:

(a) $766,666.67 on May 21, 2019;

(b) $766,666.67 on May 21, 2020; and

(c) $766,666.66 on May 21, 2021.

Ex. B at Sec. 1.

25. Pursuant to the ECS Note, Eli Global agreed to pay ECS and its successors and assigns a total amount of $778,000, in three installments, as follows:

(a) $259,333.34 on May 21, 2019;

(b) $259,333.33 on May 21, 2020; and

(c) $259,333.33 on May 21, 2021.

Ex. C at Sec. 1.

26. Eli Global paid the first installments under the BLEI Note and the ECS Note.

27. The second installments of both Notes were due on May 21, 2020.

28. Eli Global has failed to make any payment on the second installments under the Notes.

29. Eli Global did not cure its failure to pay the second installments within five (5) days of the date on which the payments became due.

30. Eli Global's failure to make payment of the principal amounts of the Notes within five (5) business days of the date such payment is due constitutes an "Event of Default" on the Notes. See Ex. B and Ex. C at Sec. 5.

31. Pursuant to the Notes, Eli Global waived all demands for notice in connection with the delivery, acceptance, performance, default or enforcement of the Notes, to the extent allowed by law. See Ex. B and Ex. C at Sec. 7.

32. Pursuant to the Notes, BLEI and ECS are entitled to the whole of the indebtedness evidenced by the Notes upon the occurrence of an Event of Default. See Ex. B and Ex. C at Sec. 9.

33. Pursuant to the Notes, BLEI and ECS are entitled to the amount now due and owing including the unpaid principal balance of the Notes and "all costs, expenses and reasonable attorneys' fees" incurred in the enforcement of the Note, or any guaranty thereof. See Ex. B and Ex. C at Sec. 10.

**Lindberg Breaches the Guaranties**

34. Pursuant to the Guaranties, Lindberg expressly guaranteed the full, prompt and complete payments of amounts owed to BLEI and ECS on the Notes. See Ex. B and Ex. C, Guaranties at Page 1, ¶ 1.

35. Pursuant to the Guaranties, upon the occurrence of an Event of Default, such as Eli Global's failure to make timely payments, Lindberg is obligated to make prompt payment of the entire amount due on the Notes. See Ex. B and Ex. C, Guaranties at Page 2, ¶ 4.

36. Pursuant to the Guaranties, upon the occurrence of an Event of Default, BLEI and ECS may take any action necessary and advisable to enforce the Guaranties. See Ex. B and Ex. C, Guaranties at Page 2, ¶ 4.

37. Pursuant to the Guaranties, Lindberg waived all notices required by law that may be lawfully waived. See Ex. B and Ex. C, Guaranties at Page 2, ¶ 2.

38. Pursuant to the Guaranties, Lindberg agreed to be responsible for attorneys' fees and costs incurred by BLEI and ECS in collecting on Eli Global's obligations under the Note or in enforcing the Guaranties. Ex. B and Ex. C, Guaranties at Page 2, ¶ 2.

39. Eli Global failed to make the required payment on the Notes thereby triggering Events of Default under the Guaranties.

40. Lindberg failed to pay the amounts due on the Notes.

**Defendants Show No Indication of Making Payment and Continue to Mismanage Funds**

41. On March 5, 2020, Lindberg was convicted of two corruption counts for which he was sentenced to serve seven years and three months in prison. See <u>United States v. Lindberg</u>, No. 5:19-cr-00022-MOC-DSC, 2020 WL 4518881 (W.D.N.C. Aug. 19, 2020).

42. In May 2020, because the second installment was not paid, Dr. Melki and BLEI sent a notice of default and acceleration ("BLEI Notice of Default") to Eli Global. Eli Global did not respond to the BLEI Notice of Default.

43. Also in May 2020, because the second installment was not paid, Dr. Frangieh and ECS sent a notice of default and acceleration ("ECS Notice of Default") to Eli Global and Lindberg. Neither Eli Global or Lindberg responded to the ECS Notice of Default. In June, 2020, Dr. Frangieh and ECS sent a second notice seeking a response whether Eli Global and Lindberg would pay the amount due. Eli Global and Lindberg again failed to respond.

44. On or about August 18, 2020, without notice or authorization, Global Growth attempted to withdraw over four hundred thousand dollars ($400,000) from BLEI's bank account, which triggered an overdraft noticed to BLEI and Dr. Melki.

## COUNT I
## BREACH OF THE PROMISSORY NOTE
### (Against Global Growth, LLC f/k/a Eli Global, LLC ("Eli Global"))

45. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

46. The BLEI Note is a valid, binding and enforceable contract.

47. Pursuant to the BLEI Note, Eli Global must pay $2,300,000 to BLEI in three equal (or approximately equal) installments on or before the payment dates set forth in the BLEI Note.

48. Eli Global failed to make timely payment of the second installment under the BLEI Note.

49. Eli Global's failure to make timely payment constitutes an Event of Default, under which the entire amount due on the BLEI Note becomes immediately payable.

50. All outstanding amounts on the BLEI Note are now due and owing and Eli Global has failed to pay.

51. Based on the foregoing breach by Eli Global, BLEI is entitled to the principal amount of $1,533,333.33 together with interest, costs, and reasonable attorney's fees.

### COUNT II
### BREACH OF THE ECS PROMISSORY NOTE
**(Against Global Growth, LLC f/k/a Eli Global, LLC ("Eli Global"))**

52. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

53. The ECS Note is a valid, binding and enforceable contract.

54. Pursuant to the ECS Note, Eli Global must pay $778,000 to ECS in three equal (or approximately equal) installments on or before the payment dates set forth in the ECS Note.

55. Eli Global breached the parties' contract by failing to make timely payment of the second installment under the ECS Note, and has continued to fail to pay such amount.

56. Eli Global's failure to make timely payment constitutes an Event of Default, under which the entire amount due on the ECS Note became immediately payable.

57. All outstanding amounts on the ECS Note are now due and owing and Eli Global has failed to pay.

58. Based on the foregoing breach by Eli Global, ECS is entitled to the principal amount of $518,666.66, together with interest, costs, and reasonable attorney's fees.

## COUNT III
## BREACH OF THE GUARANTY OF THE BLEI NOTE
### (Against Greg Lindberg)

59. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

60. Lindberg is the personal guarantor of the BLEI Note pursuant to the Guaranty.

61. Lindberg agreed, pursuant to the Guaranty, to pay the amounts owed on the BLEI Note in the event of an Event of Default by Eli Global.

62. The Guaranty of the BLEI Note is a valid, binding and enforceable contract.

63. Eli Global is in default on the Note and the time for cure has past.

64. Lindberg has failed to make any payment under the terms of the Guaranty of the BLEI Note.

65. Based on the foregoing, BLEI is entitled to receive from Lindberg the principal amount of $1,533,333.33 together with interest, plus costs of enforcement and collection, including attorneys' fees, which amounts are now due and payable and which amounts Lindberg has failed to pay.

## COUNT IV
## BREACH OF GUARANTY OF THE ECS NOTE
### (Against Greg Lindberg)

66. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

67. Lindberg is the personal guarantor of the ECS Note pursuant to the Guaranty of the ECS Note.

68. Lindberg agreed, pursuant to the Guaranty, to pay the amounts owed on the ECS Note in the event of an Event of Default by Eli Global.

69. The Guaranty of the ECS Note is a valid, binding and enforceable contract.

70. Eli Global is in default on the Note and the time for cure has past.

71. Lindberg has failed to make any payment under the terms of the Guaranty of the ECS Note.

72. Based on the foregoing, ESC is entitled to receive from Lindberg the principal amount of $518,666.66 together with interest, plus costs of enforcement and collection, including attorneys' fees, which amounts are now due and payable and which amounts Lindberg has failed to pay.

## COUNT V
## BREACH OF THE ASSET PURCHASE AGREEMENT
**(Against Boston Laser Eye Care Management, LLC; BL Holdings; and Eli Global)**

73. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

74. The APA is a valid and enforceable contract.

75. Pursuant to the APA, the Buyer and Buyers' Affiliates agreed that the Notes and Guaranties would be executed in consideration of the purchase and sale of substantially all of the assets of Dr. Melki's practice, BLEI, and of Dr. Frangieh's practice, ECS.

76. Performance on the Notes and the Guaranties were part of the "Purchase Consideration and Closing" of the APA.

77. By failing to perform on the Notes and the Guaranties, the Buyer and Buyers' Affiliates materially breached their obligations under the APA.

78. Plaintiffs have fully performed under the APA.

79. As a direct and proximate result of Buyer and Buyer's Affiliates' breach of the APA, the Plaintiffs have suffered damages in an amount to be determined at trial, which amount is in excess of least $2,051,999.99.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Hold the Defendants jointly and severally liable and enter judgment in Plaintiffs' favor on Counts I – V of the Complaint, with damages, interest, costs and fees flowing from those counts;

b. Enter judgment in Plaintiffs' favor for pre-judgment and post-judgment interest in accordance with Section 4 of the Notes;

c. Award Plaintiffs attorneys' fees and costs as provided for in the Notes and Guaranties; and

d. Grant Plaintiffs any and all other relief the Court deems just and proper.

Dated: August 26, 2020

Respectfully submitted,

SAMIR MELKI, M.D., Ph.D., and
BOSTON LASER EYE INSTITUTE, P.C.,

By their attorneys,

/s/ Allison M. O'Neil
Allison M. O'Neil BBO# 641330
Kaitlin J. Brown, BBO# 694636
Allison.ONeil@lockelord.com
Kaitlin.brown@lockelord.com
111 Huntington Avenue, 9th Floor
Boston, Massachusetts 02199
T: 617-239-0729


GEORGE FRANGIEH, M.D. and
EYE CARE SPECIALISTS, P.C.,

By their attorneys,

/s/ Stephen M. LaRose
Brian T. Kelly BBO# 549566
Stephen M. LaRose BBO# 654507
bkelly@nixonpeabody.com
slarose@nixonpeabody.com
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
T: 617-345-1119 (LaRose)